IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VALENTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA NA, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-01172-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; VACATING HEARINGS; DIRECTIONS TO CLERK** |

　　　　Before the Court are two motions: (1) defendant Bank of America, N.A.'s ("BANA") Motion, filed May 28, 2020, "to Dismiss Plaintiff's First Amended Complaint"; and (2) defendant Keller Williams Realty, Inc.'s ("KWRI") Motion, filed June 4, 2020, "to Dismiss Plaintiff's First Amended Complaint."  The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision on the parties' respective submission, VACATES the hearings scheduled on the motions,[1] and rules as follows.

**PROCEDURAL BACKGROUND**

　　　　In his initial Complaint, filed February 14, 2020, plaintiff Robert Valente ("Valente") alleged that, in 2009, he purchased a home in Franklin, Tennessee, in which transaction the seller was represented by KWRI.  (See Compl. at 6, Ex 6.)[2]  According to Valente,

---

[1] BANA's motion is noticed for hearing on July 10, 2020; KWRI's motion is noticed for hearing on July 17, 2020.

[2] The exhibits attached to the initial Complaint are unnumbered; the above citation is to the sixth in the sequence.

1   KWRI told him the home was "perfect," but failed to advise him there were "concealed
2   hate based and obscene images of a criminal nature in the artwork of the home's
3   fireplace mantel, making the home unsuitable for habitation."  (See Compl. at 7.)  Valente
4   also alleges that, in 2015, he advised BANA, the mortgagee, that the home contained the
5   above-referenced "artwork," and that, rather than perform its asserted "duty to rescind"
6   the mortgage, BANA, in 2015, engaged in a "material breach" of the terms of the
7   mortgage by putting the home "up for auction."  (See Compl. at 3-6, Exs.1-3, 5.)  Based
8   on the above allegations, Valente asserted eight claims against KWRI and eight claims
9   against BANA, which, by separate motions, KWRI and BANA moved to dismiss, each
10  arguing Valente's claims are barred by the applicable statutes of limitations.  In response,
11  Valente filed the FAC, after which the defendants' motions were denied as moot.  (See
12  Order, filed May 21, 2020.)
13       In the First Amended Complaint ("FAC"), titled "First Amended Pleadings,"
14  Valente, as in his initial Complaint, alleges KWRI, omitting any mention of the above-
15  referenced "artwork," told him the home was "perfect" (see FAC at 3-4) and BANA
16  breached the terms of the mortgage by putting the home "up for auction" rather than
17  "rescind[ing]" the mortgage (see FAC at 2-3).  By the instant motions, defendants again
18  argue plaintiffs' claims are barred by the applicable statutes of limitations.  The Court, as
19  set forth below, agrees.

## DISCUSSION

21  Valente asserts against KWRI one claim alleging fraud and three claims alleging
22  negligence, all such claims based on the same set of factual allegations, which are the
23  same facts as those alleged in support of the claims asserted against KWRI in the initial
24  Complaint, namely, that KWRI did not tell him about the above-referenced artwork at the
25  time he was considering purchasing the home.  The one difference is the absence in the
26  FAC of the exhibits that were attached to the initial Complaint, which exhibits set forth the
27  dates on which the relevant events occurred.  In particular, as discussed above, the
28  exhibits demonstrate Valente's purchase of the home in 2009 and his knowledge of the

artwork no later than 2015.³ Valente's fraud claim is subject to a three-year statute of limitations, which three-year period begins to run upon "the discovery, by the aggrieved party, of the facts constituting the fraud," see Cal. Civ. Proc. Code § 335.1, and his negligence claims are subject to a two-year statute of limitations, see Cal. Civ. Proc. Code § 335.1.

As Valente's initial Complaint was not filed until 2020, his claims against KWRI are barred by the applicable statutes of limitation and, consequently, are subject to dismissal.

With regard to BANA, Valente asserts one claim alleging breach of contract and three claims alleging negligence, all based on the same set of factual allegations, which are the same facts as those alleged in support of the claims asserted against BANA in the initial Complaint, namely, that, upon being advised by Valente of the above-described artwork in his home, BANA refused to rescind the mortgage and instead put the home up for auction, which events, as demonstrated by the exhibits attached to the initial Complaint, all occurred in 2015. Valente's breach of contract claim, whether viewed as a claim that BANA breached the contract, see Cal. Civ. Proc. Code § 337(a), or as a claim that Valente was entitled to rescission, see Cal. Civ. Proc. Code § 337(c), is subject to a four-year statute of limitations, and his negligence claims, as noted, are subject to a two-year statute of limitations.

As Valente's claims against BANA are based on events occurring more than four years prior to the date on which Valente filed his initial Complaint, all said claims are barred by the applicable statutes of limitations and, consequently, are subject to dismissal.

The Court next considers whether to afford Valente further leave to amend. As discussed above, defendants, in moving to dismiss the initial Complaint, argued Valente's claims are barred by the applicable statutes of limitations, and Valente responded to

---

³"Allegations in a complaint are considered judicial admissions." Hakopian v. Mukasey, 551 F.3d 843, 846-47 (9th Cir. 2008).

those motions by amending his Complaint.  Rather than attempt to allege in the FAC facts to support an exception to the statute of limitations, however, Valente merely omitted therefrom all references to the relevant dates.  Further, in none of his various filings, has Valente identified any facts he could add that would support a possible exception to the statutes of limitations nor is any such exception otherwise apparent.  Indeed, in his opposition to BANA's motion to dismiss the FAC, Valente acknowledged he "discover[ed] the images in 2014."  (See Pl.'s Answer to [BANA's] Motion to Dismiss, at 2-3.)  Under such circumstances, the Court finds further amendment would be futile.

## CONCLUSION

For the reasons stated, the motions to dismiss are hereby GRANTED, and the First Amended Complaint is hereby DISMISSED.

The Clerk of Court is hereby DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: June 30, 2020

MAXINE M. CHESNEY
United States District Judge